The next case today, No. 23-1532, Dana Chang et al. v. Dan Neumann et al. Will the attorney for the appellant please step up to the podium and present yourself? Hi, John Mark Turner here for the appellant. May it please the Court, I want to focus on two errors that I think the District Court made in its choice of law analysis. The first has to do with the factor dealing with the uniformity of decisions and the needs of the interstate judicial system. And the District Court decided that it could not apply New York law here because the Federal District Courts in New York do not apply the New York Anti-SLAPP statute in Federal Court. That was an error because the District Court should have focused on uniformity at the State level, the State court cases. And the New York State court cases do apply the New York Anti-SLAPP statute and award fees after dismissal. And we cited the aristocrat plastic surgery case as an example. So the reason the Federal District Courts in New York do not apply the New York Anti-SLAPP statute has nothing to do with New York policy, but has everything to do with the Second Circus decision and the liberty that Anti-SLAPP statutes cannot be applied in Federal Court because of conflicts with Rules 12 and 56, having to do with the burden of proof at the dismissal stage and the use of evidentiary materials. Counsel, in order for the District Court here to have awarded you fees under the New York Anti-SLAPP law, wouldn't it have to have decided that it was, that you'd met the requirements of that law? In other words, that the plaintiffs had violated that law and that's why you were entitled to fees? Yes, and we argue that it did so by dismissing the case under the 12B6 standard. But your opposing counsel argues that that decision is essentially gone because on appeal, what this court said, that your dismissal was not based on the New York Anti-SLAPP law, but based on the First Amendment. So the judgment you actually have is that your case has been dismissed on First Amendment grounds. Correct. So why would it then be appropriate for the District Court on remand to re-evaluate the substance of the New York Anti-SLAPP law? Even putting aside if it's the correct law to apply and all the arguments that you've made, why is that consistent with our opinion? It's not. This court never decided what state laws apply. This is a diversity case and so some state's law has to apply. Either Maine law or New York supplies the rules of decision that the Federal District Court has to decide. Excuse me, excuse me. That is not an accurate statement. The claims were essentially defamation claims and the Supreme Court has made it clear that there are constitutional limitations on the reach of state defamation claims. There are a whole series of them. So why must this case, simply because it arises under diversity jurisdiction, be decided as a matter of state law that is directly contrary to a large series of Supreme Court and First Circuit decisions? You're right, Your Honor. So I misspoke. Obviously federal law applies and the First Amendment has constraints on the scope of state law defamation claims, but this is still a diversity case in which the state law supplies a lot of the rules underlying the defamation. Excuse me. There is a long series of First Circuit and other circuit cases holding that when the First Amendment provides a complete defense, as this court held was true in the case, that that ends the matter. We haven't, there's not a large discussion of why that ends the matter, but it's pretty obvious. The Constitution is supreme and if the Constitution is supreme, why would we want the federal courts to get into issuing advisory opinions about the scope of state law? It's not an advisory opinion because you have to determine a fee liability after the fact. And you have to be a prevailing party and your side won only under the First Amendment and that ended the matter. Correct. And under the New York law, if a case is dismissed and it was maintained without a substantial basis in law, then fees are awarded under New York law. And because we had the case dismissed under the 12b6 standard for federal reasons, maybe put it this way, if this case had been dismissed on First Amendment grounds in a New York state court, fees would be awarded. So the question is, why would a federal, why would a court in Maine sitting in diversity acting as a Maine court would divert from that practice? So the reason the court decided to apply Maine law was basically to follow the same decisions as the federal district courts did down in New York where they don't apply the New York anti-slap statute. But that's only because, as I said, this court's decision in Godin is different than the court's decision in Laliberte. The Laliberte decision is telling the federal district courts down in New York not to apply state anti-slap statutes because of those differences in pleading standards. But this court made a different decision in Godin and said that state anti-slap statutes can be applied in federal court. And really what... Okay. I have another question for you. You repeatedly say in your briefing that your claim is based on New York law. You never asserted a claim under Maine law. So am I correct in thinking that your case, from your point of view, Maine law is pretty much irrelevant here? And the only question is whether New York law governs this? Well, correct. I mean the Maine choice of law rules have to be used by the federal district court. Yeah. But yeah, we did not move under the Maine anti-slap statute. We did not even attempt to make the showing under the Maine anti-slap statute because it doesn't apply here. This is not petitioning activity. This is free expression activity. And New York law provides a substantive law for defamation as constrained by the First Amendment. And the question is, after dismissal of a New York defamation claim as constrained by the First Amendment, what's the fee liability afterwards? So New York law applies to that. The district court should have looked at the factors under Section 6 and decided, does Maine law govern fee liability afterwards or New York law govern fee liability afterwards? Counsel, I understand completely why you're making these arguments on behalf of your clients. It's obviously important from your client's point of view for the anti-slap laws to apply whenever they can apply. But I just want to bring you back to if doing that would be consistent with the decision in this case earlier and with the mandate because this court, and you move to dismiss on both First Amendment grounds and New York anti-slap law grounds, right? So you made a motion based on both theories. This court explicitly says, we are going to affirm, but we will affirm only on First Amendment grounds. So bypasses the New York anti-slap law and explicitly says we're not going to uphold the judgment on that ground. We're only upholding it on First Amendment grounds. So again, it would be really helpful if you could explain why then on remand, it would be appropriate for the district court to have to redo the entire New York anti-slap law analysis to give you fees when this court has specifically refused to affirm your judgment on those grounds. In other words, you haven't won under the New York slap law. You've won under the First Amendment. Correct. And so my argument is this, Your Honor, is a dismissal under 12B6 is a lower standard than is required for dismissal. I'm sorry, is a higher standard than is required for dismissal under the New York anti-slap statute. So dismissal under 12B6 standard necessarily satisfies the requirements for fees under the New York statute. I completely understand that. But the problem is we've just said that we were refusing to apply New York law and you don't have a judgment based on New York law. You have a judgment based on the First Amendment. So this court did not decide the applicability of New York law, did not even tackle the choice of law question. That means that has never been decided in this case at all. It's still, the district court down below could have looked back at his analysis. No, no, no, no. Excuse me. This court made a decision that the First Amendment barred the action and that ended the matter. We could have made a decision as some of the other circuits have on different facts to avoid the First Amendment issue and look at it as a matter of state law and state anti-slap laws. But we explicitly decided following Levinsky and following some Supreme Court precedent that that was an inappropriate way of analyzing the case. So I don't think the question is open. The question, the court bypassed the choice of law question. So for you to decide that that decision, your words were bypassed the decision. Yes, we did. And that's because the First Amendment resolves the case and that being so, the matter is ended. But the court's mandate doesn't include any decision on the applicability of either state's law. And that issue is still live at the end of the case to decide fee liability afterwards, either Maine law or New York law. If this court never decided what state law was, then the court on remand has to decide that question. It was not decided by this court. Thank you. Yes. Attorney Bacus, please introduce yourself for the record. Christopher Bacus for the appellees. May it please the court, I think that many of the questions addressed by the court to opposing counsel are really summaries of our argument. And that was the First Circuit, this court affirmed, bypassed the choice of law questions, did not apply New York's anti-slap law, decided on First Amendment grounds only. There was no right to fees. The district court implemented as it was required to do, the First Circuit's ruling awarding no fees. Applying Maine law to a Maine newspaper, to Maine defendants on a matter arising out of the Maine paper's politics. Counsel's answer to that in briefing more so than in argument is to say that under Maine law, the American rule applies. The American rule of post-trial attorney's fees being that in the presence of a contract or a statute or something untoward in counsel's life, leaving only prong to a statute, and in a tribute to circularity, the statute that counsel maintains applies under Maine law is a New York law, which this court in its first decision in providing guidance both for the parties, both to the parties and to counsel, does apply. And how do we end up here again saying that somehow, and the term I used in briefing was by some osmosis, we end up back in front of your honors having to remind the court, and perhaps opposing counsel, of the explicit commentary in this case. We don't give guidance and we didn't make commentary. We made holdings. Even better. Thank you, your honor. Even better. The court held, as a matter of law, that it was not going to reach choice of law, that it was not going to apply New York's anti-SLAPP or Maine's anti-SLAPP. It was simply going to rule on First Amendment grounds for which there are no fees. But counsel, as your opposing counsel points out, then it goes back to the district court. They make a request for fees. And the district court does have to decide what law it should apply to the motion for fees. So can you turn to that? How should the district court have done that analysis in your view? As it did it. The district court applied, implemented this court's holding, and thank God it was a choice of law case. This was a case involving First Amendment principles. Choice of law did not enter into it. So if choice of law doesn't enter into it, the choices don't enter into it. One of those choices being New York law. So New York law doesn't enter the analysis at all in the district court's mind. And that was correct. Because the... Then why did the district court go on to the different commentary that it entered? And why didn't the district court just simply end the matter by saying the decision was based and the remand is based on dismissal on First Amendment grounds? Any application of state law here would be incorrect. That is exactly how it should have been phrased. And naturally... Well, did you argue that to the district court? Yes, Your Honor. The argument that you saw on appeal here in our answering brief is in some substance the same arguments that we made in response to the motion before the district court. It is true that in your briefing to us, your lead argument is this was resolved on the First Amendment grounds and that ends the matter. But then your briefing goes on to say and the district court was correct in its analysis. So partly we're struggling with why two different horses are being ridden here. If I can share as a practical matter, Your Honor, we as attorneys in authoring briefs and anticipating arguments do what we can to anticipate all possibilities. So we had to anticipate the possibility that this court may embrace something different than we were anticipating. Our strong preference obviously would have been for the district court to cut it, if you will, in the way that we did in our brief. And that was to say that this is a federal law. Federal law applies. There is no state law that enters into the matter. I agree, Your Honor. We did add more, but we as counsel often have to add in anticipation. All right. Thank you. You've answered the question. Okay. Thank you. As a precautionary matter, you decided to brief the other ground. That's correct, Your Honor. Thank you for summarizing it. So yes, that's correct. Any other questions? Okay. Thank you. Thank you. Thank you, counsel. That concludes arguments in this case.